In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE, Respondent, against VICTORY MEMORIAL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent has left no dependents and the State Commissioner of Taxation and Finance is, therefore, the main claimant. He was employed as a porter in a hospital and his working hours were from 7:30 A.M. to 4:30 P.M., and a room on the hospital premises was furnished him by his employer. On the night of August 22, 1954, while off duty, he went out with a fellow worker. They were drinking together and returned to the hospital premises at three o'clock in the morning. The undisputed evidence is that decedent was then staggering and drunk. On the hospital premises decedent fell down a stairway and fractured his skull. A physician who treated him testified he was suffering acute alcoholism. The finding of the board is that while "engaged in the regular course of his employment and while working for his employer" decedent fell down the stairway. This finding is not supported by substantial evidence. There is no evidence that decedent was then working. There is no substantial evidence that because he lived on the premises he was on call to duty after working hours. The proof is that decedent fell, not while doing work, or on call of duty, but while off duty and because he was intoxicated. The presumption that an industrial accident is not solely due to intoxication applies when the employee is "on duty" (Workmen's Compensation Law, § 21, subd. 4). That presumption does not arise on this record. There is no substantial evidence, considering the record as a whole, that the accident occurred in the course of employment or that it was not caused solely by intoxication. Award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.